0222UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRADEN CARL LUCAS,

Plaintiff,

v.

CLARK COUNTY DETENTION CENTER, *et al.*,

Defendants.

Case No. 2:23-cv-00740-GMN-NJK

SCREENING ORDER

Plaintiff, who was previously detained at Clark County Detention Center, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis* for inmates. (ECF Nos. 1-1, 1.) Plaintiff also filed a cover letter in which he stated that he would be released from Clark County Detention Center on May 13, 2023. (ECF No. 1-2.) Because Plaintiff filed an application to proceed *in forma pauperis* for inmates, and Plaintiff is no longer incarcerated, the Court denies Plaintiff's application as moot. The Court directs Plaintiff to file an application to proceed *in forma pauperis* by a non-prisoner within thirty (30) days from the date of this order or pay the full filing fee of $402.

If Plaintiff fails to file an application to proceed *in forma pauperis* by a non-prisoner or pay the $402 filing fee in full within thirty (30) days, this case will be subject to dismissal. In the interest of judicial efficiency, the Court will now screen Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues Defendant Clark County Detention Center for events that took place during Plaintiff's detention. (ECF No. 1-1 at 1.) Plaintiff brings three counts and seeks monetary relief. (*Id.* at 2-6.)

The complaint alleges the following: When Plaintiff was arrested, he told officers that he had a broken finger and needed medical attention. (*Id.* at 2.) Plaintiff was not given proper medical attention, and now he will never regain full range of motion in his left pinkie finger. (*Id.* at 2-3.)

Plaintiff separately alleges that he was not granted good time/work credit. (*Id.* at 4.) Plaintiff states that during his detention he completed eight "packets" and one class, which qualified him for good time credits. (*Id.* at 5.) But Plaintiff only received credit for

three packets. (*Id.*) Plaintiff was told that he would not get credit for the other packets because he completed them prior to sentencing. (*Id.*) But Nevada Statutes do not say anything about whether credits can be earned before or after sentencing. (*Id.*)

The Court finds that the complaint fails to state any colorable claims. In order to bring a claim under § 1983, a Plaintiff must allege: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The only Defendant in this case is Clark County Detention Center. But Clark County Detention Center "is an inanimate building, not a person or entity subject to liability. The law defines persons as including natural persons (*i.e*., human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition. Therefore CCDC, a building, is not subject to liability." *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011).

Furthermore, Plaintiff does not bring any claims under the United States Constitution or a federal statute. In the space for Plaintiff to write which of his rights were violated in each count, Plaintiff wrote "Nevada," "Nevada," and "Nevada NRS.211.340." (ECF No. 1-1 at 3-5.) As such, it appears that Plaintiff is claiming violations of his rights under the Nevada Constitution and Nevada state law. If Plaintiff wants to bring a claim alleging violations of his rights under state law, he must do so in state court.

The Court dismisses the complaint without prejudice and with leave to amend. In any amended complaint, Plaintiff must allege facts showing that one or more defendants, each of whom is a "person," violated his rights under the United States Constitution or a federal statute.

## III. LEAVE TO AMEND

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended

complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

If Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will be subject to dismissal.

## IV. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* for inmates (ECF No. 1) is denied.

It is further ordered that the Clerk of the Court will send Plaintiff the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

It is further ordered that within thirty (30) days from the date of this order, Plaintiff will either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $402.

It is further ordered that, if Plaintiff fails to file a complete application to proceed *in forma pauperis* for non-prisoner, or pay the full filing fee of $402 within thirty (30) days, this case will be subject to dismissal.

It is further ordered that the Clerk of the Court file Plaintiff's complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

It is further ordered that the complaint is dismissed in its entirety without prejudice and with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be subject to dismissal.

DATED THIS 20 day of May 2023.

Gloria M. Navarro, Judge
United States District Court